## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MUSKAN KETAN MASTER,

      Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, TRANS UNION
LLC, and IMPACT RECEIVABLES
MANAGEMENT, LLC,

      Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MUSKAN KETAN MASTER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), TRANS UNION LLC (hereinafter "Trans Union"), and IMPACT RECEIVABLES MANAGEMENT, LLC (hereinafter "IRM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Mecklenburg County in the State of North Carolina. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    IRM is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    IRM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    IRM furnished information about Plaintiff to Equifax and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

19.    Plaintiff is alleged to owe a debt to IRM, partial account number 4221**, as to a collection on behalf of original creditor, The Aria at Woodlands South, (hereinafter "IRM Account"). Plaintiff does not have an account with The Aria at Woodlands South and never applied or gave permission to anyone to apply using her information for the IRM Account.

20.    In or about July 2023, Plaintiff received an email from "Heather H." at The Aria at Woodlands South regarding past due rent and an eviction hearing.

21.    Shortly thereafter, Plaintiff contacted the leasing office for the The Aria at Woodlands South and learned the The Aria at Woodlands South was located in Oklahoma. Plaintiff advised the lease did not belong to her and that she did not and had never live there.

22.    Plaintiff has lived in North Carolina for over five (5) years, and she has never lived in or leased an apartment in Oklahoma.

23.    Shortly thereafter, Plaintiff filed a police report with the Tulsa Police Department regarding the identity theft.

24.    In or about January 2024, Plaintiff became aware of the IRM Account.

25.    On or about January 28, 2024, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 168794988,

informing them that she believed she was a victim of identity theft due to the fraudulent and erroneous IRM Account.

26.     On or about January 28, 2024, Plaintiff contacted IRM to dispute the IRM Account as fraudulent. Plaintiff provided IRM with proof of filing of her FTC Identity Theft Report filing and a copy of her driver's license as proof of her identity.

27.     In or about March 2024, Plaintiff reviewed her credit file. Upon review, Plaintiff observed the fraudulent IRM Account.

28.     On or about March 19, 2024, Plaintiff contacted Equifax and Trans Union to dispute the erroneous IRM Account and advised it did not belong to her.

29.     On or about April 14, 2024, Plaintiff received dispute results from Trans Union which stated the IRM Account was verified as accurate.

30.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

32.     Upon information and belief, Trans Union notified IRM of Plaintiff's dispute. However, IRM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

33.    Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed the IRM Account continued to be reported with a comment which indicated the IRM Account had been disputed and was verified as accurate.

34.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

35.    Equifax never attempted to contact Plaintiff during the alleged investigation.

36.    Upon information and belief, Equifax notified IRM of Plaintiff's dispute. However, IRM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

37.    On or about April 4, 2024, Plaintiff obtained a copy of her Equifax credit report. Upon review, Plaintiff observed an Oklahoma address which did not belong to her. Further, IRM Account continued to be reported with a status of unpaid and balance of $4,176.

38.    Due to the continued inaccurate reporting, on or about April 16, 2024, Plaintiff submitted online a detailed written dispute letter to Equifax and Trans Union. In the letter, Plaintiff explained the Oklahoma address appearing in her credit

report did not belong to her and that she had never lived in Oklahoma. Further, Plaintiff explained the IRM Account was fraudulent and did not belong to her. In the letter, Plaintiff included images of her driver's license and Social Security card as proof of identity. Further, Plaintiff included images of the erroneous reporting, images of a letter from the Tulsa Police Department regarding her filed police report, images of her current lease agreement, and other supporting documents.

39.    On or about May 11, 2024, Plaintiff received dispute results from Equifax which stated the IRM Account had been removed from her Equifax credit report.

40.    On or about May 11, 2024, Plaintiff received dispute results from Trans Union which stated the IRM Account had been removed from her Trans Union credit report.

41.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the error;

iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff was physically affected by Defendants' reluctance to fix the error; and

iv.    Apprehensiveness to apply for credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services LLC (Negligent)

42.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

43.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

44.    Equifax allowed for a Furnisher to report inaccurate information on an account.

45.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

46.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

47.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

48.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Willful)**

49.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

50.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51.     Equifax allowed for Furnisher to report inaccurate information on an account.

52.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

53.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

54.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Negligent)

56.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

57.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

58.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent account, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, IRM.

59.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

60.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

61.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Willful)

62.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

63.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

64.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent account, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, IRM.

65.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

67.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Negligent)**

68.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

69.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

70.     Trans Union allowed for Furnisher to report inaccurate information on an account.

71.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

72.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

73.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

74.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Willful)**

75.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

76.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

77.     Trans Union allowed for Furnisher to report inaccurate information on an account.

78.     Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

79.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

80.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

81.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Negligent)

82.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

83.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

84.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent account, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, IRM.

85.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss;

mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Willful)

88.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

89.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

90.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent account, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, IRM.

91.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

93.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Impact Receivables Management, LLC (Negligent)

94.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

95.    IRM furnished inaccurate account information to Equifax and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

96.    After receiving Plaintiff's disputes, IRM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

97.   Plaintiff provided all the relevant information and documents necessary for IRM to have identified that the account was fraudulent.

98.   IRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IRM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

99.   IRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

100.  As a direct result of this conduct, action and/or inaction of IRM, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and inaction of IRM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

102.   Plaintiff is entitled to recover costs and attorney's fees from IRM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual damages against Defendant, IMPACT RECEIVABLES MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT X
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Impact Management Receivables, LLC (Willful)

103.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

104.   IRM furnished inaccurate account information to Equifax and Trans Union, and through those CRAs to all of Plaintiff's potential lenders.

105.   After receiving Plaintiff's disputes, IRM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account;

(2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

106.   Plaintiff provided all the relevant information and documents necessary for IRM to have identified that the account was fraudulent.

107.   IRM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IRM by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

108.   IRM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

109.   As a direct result of this conduct, action and/or inaction of IRM, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and inaction of IRM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

111.   Plaintiff is entitled to recover costs and attorney's fees from IRM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, IMPACT RECEIVABLES MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MUSKAN KETAN MASTER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, and IMPACT RECEIVABLES MANAGEMENT, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of May 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez*        **
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*